IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETH ANN MILLS, | : | |
|     Plaintiff | : | Civil Action No. 1:10-cv-2512 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| LIEBERMAN, MICHAELS & KELLY, LLC, | : | |
| | : | |
|     Defendant | : | |

## MEMORANDUM ORDER

Currently pending before the Court is Plaintiff Beth Ann Mills's motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. (Doc. No. 16.) Plaintiff commenced this action by filing a complaint on December 9, 2010. (Doc. No. 1.) Defendant Lieberman, Michaels & Kelly, LLC, was served on June 20, 2011. (Doc. No. 9.) To date, Defendant has failed to plead or otherwise defend itself in this action. On August 2, 2011, Plaintiff moved for entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. No. 11.) The clerk of court entered default on August 5, 2011. (Doc. No. 13.) On September 27, 2011, the Court ordered Plaintiff to provide the Court with a status report, noting that Plaintiff had neither moved for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure nor taken any other action in this matter. (Doc. No. 14.) Plaintiff provided the status report on October 7, 2011. (Doc. No. 15.) On October 13, 2011, Plaintiff moved for default judgment. (Doc. No. 16.) In the motion for default judgment, Plaintiff indicates that she seeks the maximum statutory damages in the amount of $1,000 and attorney's fees and costs in the amount of $4,457.50. (Id.)

In assessing a request for attorney's fees, "the most useful starting point for determining

the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Performing this calculation will provide the "lodestar" figure, which is presumed to be the reasonable fees for the matter. Rode v. Dellaciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). The party seeking the attorney's fees has the burden to prove that the requested attorney's fees are reasonable, which initially requires the fee petitioner to "submit evidence supporting the hours worked and the rates claimed." Id. at 1183; E.E.O.C. v. Fed. Express Corp., 537 F. Supp. 2d. 700, 721 (M.D. Pa. 2005) (citing Hensley, 461 U.S. at 433). An hourly rate is reasonable if the fee applicant demonstrates by evidence, in addition to the fee applicant's own affidavit, that the suggested rate is comparable to the current "rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001).

In support of the motion for entry of default judgment, Plaintiffs provide an affidavit from Plaintiff's counsel, Craig Thor Kimmel, in which counsel outlines the procedural history of this case. (Doc. No. 16-1.) In addition, counsel has included a time sheet in which he itemizes the work done on the case. (Doc. No. 16-4.) Notably, Mr. Kimmel does not provide any information from which the Court could make a determination regarding the prevailing market rates in the relevant community. Nor does Mr. Kimmel provide any information regarding his own background and experience, which would allow the Court to determine the prevailing market rate for an attorney of his "skill, experience, and reputation." See Maldonado, 256 F.3d at 184. Perhaps the most glaring omission is Mr. Kimmel's failure to indicate his claimed hourly rate. If the Court were to divide the $4,042.50 "total fees" amount claimed on the time sheet, by

the 16.40 hours of "total time" alleged to have been expended on the case, it would arrive at an unusual hourly rate of $246.49. (Doc. No. 16-4.) This claimed rate amount is not explained. However, in reviewing the time sheet, it appears that the explanation for this rate amount is that several different attorneys, presumably with different hourly rates, spent time working on the case. For example, a "JG" is listed as the "timekeeper" next to the "task" of drafting the motion for entry of default judgment. (Id.) Similarly, a "CLS" is listed as the timekeeper next to the task of drafting the notice and motion for default. (Id.) A "TLP" drafted a civil cover sheet and summons. (Id.) An "ALB" drafted the complaint. (Id.) According to the time sheet, Mr. Kimmel's activity in this matter appears to be limited to spending thirty minutes "[r]eview[ing] ALB's draft complaint," spending six minutes sending an email to the staff regarding the status of the case, spending six minutes reading an email from ALB regarding the complaint, spending thirty minutes on an inquiry from Plaintiff, and spending twenty-four minutes opening a file in the database. (Id.) In the absence of any clarity regarding who worked on the case, the experience of the attorneys who worked on the case, and the hourly rates charged by the attorneys who worked on the case, the Court is unable to award fees to Plaintiff's counsel.

In addition to the lack of information regarding the appropriate attorney's fees, Plaintiff provides no explanation regarding why the maximum statutory damages is warranted in this matter. The Fair Debt Collection Practices Act provides for statutory damages not to exceed $1,000. 15 U.S.C. § 1692k(a)(2)(A). When awarding statutory damages, the Court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). The Court considers as true "all of the factual allegations of the complaint, except

those relating to damages." <u>Gervais v. O'Connel, Harris & Assocs., Inc.</u>, 297 F. Supp. 2d 435, 438 (D. Conn. 2003). In the absence of any argument or factual averments beyond those contained in the complaint regarding the amount of damages, the Court declines at this time to make a final ruling on the amount of damages to be awarded in this matter.

    **ACCORDINGLY**, on this 20th day of October 2011, **IT IS HEREBY ORDERED THAT** within fifteen days of the date of this order, Plaintiff **SHALL SUBMIT** a supplemental affidavit further documenting and supporting her claims for statutory damages and attorney's fees.[1]

                                                      S/ Yvette Kane
                                                      Yvette Kane, Chief Judge
                                                      United States District Court
                                                      Middle District of Pennsylvania

---

[1] While Plaintiff has not adequately supported her claim for the requested amount of damages or attorney's fees, the Court does not, at this time, anticipate that a hearing is necessary under Rule 55(b)(2)(B) to determine the amount of damages due. After reviewing all supplemental information provided by Plaintiff, the Court will make a determination regarding whether the Court is able to determine the amount of damages based on the evidence submitted. <u>See</u> 10 James Wm. Moore, <u>et al.</u>, <u>Moore's Federal Practice</u> § 55.32[2][c] (Matthew Bender ed. 2010) ("[T]he "hearing" may be one in which the court asks the parties to submit affidavits and other materials from which the court can decide the issue").