IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETH ANN MILLS, | : | |
|     Plaintiff | : | Civil Action No. 1:10-cv-2512 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| LIEBERMAN, MICHAELS & KELLY, LLC, | : | |
|     Defendant | : | |

## MEMORANDUM & ORDER

Currently pending before the Court is Plaintiff Beth Ann Mills's motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. (Doc. No. 16.) Plaintiff commenced this action by filing a complaint on December 9, 2010. (Doc. No. 1.) Defendant Lieberman, Michaels & Kelly, LLC, was served on June 20, 2011. (Doc. No. 9.) To date, Defendant has failed to plead or otherwise defend itself in this action. On August 2, 2011, Plaintiff moved for entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. No. 11.) The clerk of court entered default on August 5, 2011. (Doc. No. 13.) On October 13, 2011, Plaintiff moved for default judgment. (Doc. No. 16.) In the motion for default judgment, Plaintiff indicates that she seeks the maximum statutory damages in the amount of $1,000 and attorney's fees and costs in the amount of $4,457.50. (Id.) Upon review of Plaintiff's complaint (Doc. No. 1), motion for entry of default (Doc. No. 16), and supporting affidavits and documents (Doc. Nos. 16-1; 16-2; 16-3; 16-4; 18-1; 18-2; 18-3; 18-4; 18-5; 18-6) the Court will enter default judgment in the amount of $5,457.50.

I.    **ENTRY OF DEFAULT JUDGMENT**

Rule 55(b)(2) of the Federal Rules of Civil Procedure authorizes a district court to enter a

default judgment against a properly served defendant who fails to file a timely responsive pleading. Anchorage Assocs. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990). In the present matter, Plaintiff served Defendant on June 23, 2011. (Doc. No. 9.) To date, Defendant has not entered its appearance in this matter.

To prevail on a claim under the Fair Debt Collection Practices Act, a plaintiff must establish that a "debt collector['s]" effort to collect a "debt" from a "consumer" violated some provision of the Act. See Piper v. Portnoff Law Assocs., Ltd., 396 F.3d 227, 234 (3d Cir. 2005). The FDCPA is a strict liability statute. 15 U.S.C. § 1692k(a). The FDCPA prohibits "debt collector[s]" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Id. A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The Fair Debt Collection Practices Act defines "debt" as "any obligation or alleged obligation of a consumer to pay money." 15 U.S.C. § 1692a(5). "A threshold requirement for application of the [Fair Debt Collection Practices Act] is that the prohibited practices are used in an attempt to collect a 'debt.'" Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1167 (3d Cir. 1987).

In her complaint, Plaintiff alleged the following fourteen violations of the Fair Debt Collection Practices Act: (1) communicating with another person regarding Plaintiff's debt without her consent in violation of 15 U.S.C. § 1692c(b); (2) harassing, oppressing, or abusing Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692d; (3) using

obscene or profane language or language the natural consequence of which is to abuse Plaintiff in violation of 15 U.S.C. § 1692d(2); (4) causing Plaintiff's telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff in violation of 15 U.S.C. § 1692d(5); (5) using false, deceptive, or misleading representation or means in collection of a debt in violation of 15 U.S.C. § 1692e(2); (6) representing that nonpayment of a debt will result in arrest or imprisonment of Plaintiff or the seizure, garnishment, attachment, or sale of any property or wages when the action is not lawful and Defendant did not intend to take such action in violation of 15 U.S.C. § 1692e(4); (7) threatening to take action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5); (8) falsely representing or implicating that Plaintiff committed a crime in order to disgrace Plaintiff 15 U.S.C. § 1692(e)(7); (9) communicating or threatening to communicate credit information which is known to be false in violation of 15 U.S.C. § 1692e(8); (10) using false representations or deceptive means to collect a debt in violation of 15 U.S.C. § 1692e(10); (11) using unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f; (12) attempting to collect an amount not expressly authorized by the agreement creating the debt in violation of 15 U.S.C. § 1692f(1); (13) failing to send written correspondence notifying Plaintiff of the amount of debt, the name of the creditor, and of her rights to dispute the debt or request verification of the debt or both within five days in violation of 15 U.S.C. § 1692g(a); and (14) by acting in an otherwise deceptive, unfair, and unconscionable manner and failing to comply with the Fair Debt Collection Practices Act. (Doc. No. 1 ¶ 36(a)-(o).)

     Although the Court is not convinced that Plaintiff has alleged sufficient facts to establish all fourteen violations alleged, Plaintiff has alleged sufficient facts to support a finding that

Defendant violated the act by, <u>inter</u> <u>alia</u>, (1) harassing, oppressing, or abusing Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692d; (2) using obscene or profane language or language the natural consequence of which is to abuse Plaintiff in violation of 15 U.S.C. § 1692d(2); (3) using false, deceptive, or misleading representation or means in collection of a debt in violation of 15 U.S.C. § 1692e(2); (4) representing that nonpayment of a debt will result in arrest or imprisonment of Plaintiff or the seizure, garnishment, attachment, or sale of any property or wages when the action is not lawful and Defendant did not intend to take such action in violation of 15 U.S.C. § 1692e(4); (5) threatening to take action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5); and (6) failing to send written correspondence notifying Plaintiff of the amount of debt, the name of the creditor, and of her rights to dispute the debt or request verification of the debt or both within five days in violation of 15 U.S.C. § 1692g(a).  (Doc. No. 1 ¶¶ 16-32.)  Accordingly, default judgment shall be entered in favor of Plaintiff.

## II.    PLAINTIFF'S DAMAGES

Section 1692k(a) of the Fair Debt Collection Practices Act provides that a debt collector who fails to comply with the Act in regard to its dealings with any person is liable to that person in an amount equal to the sum of (1) "any actual damage sustained by such person as a result of such failure;" and (2) "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a).  Plaintiff has not alleged any actual damages.  Rather, she seeks only the maximum amount of statutory damages totaling $1,000.

In determining the amount of statutory damages warranted by a debt collector's violation

of the Act, "the court shall consider, . . . , in any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). The awarding of statutory damages is within a district court's sound discretion. Lester E. Cox Medical Center v. Huntsman, 408 F.3d 989, 993 (8th Cir. 2005). A finding that the Act has been violated does not necessarily warrant an award of the maximum amount of damages. Even where a violation has been found, a court may refuse to award statutory damages or award damages in an amount less than the maximum amount. See, e.g., Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 28 (2d Cir.1989) (determining that the nature of the defendant's noncompliance did not warrant statutory damages); Weiss v. Zwicker & Associates, P.C., 664 F. Supp. 2d. 214 (E.D. Pa. 2009) (awarding $500 in statutory damages where the violations were unintentional and the demand letter was neither abusive nor threatening).

In the present matter, the allegations in the complaint justify an award of statutory damages equal to the maximum amount. Plaintiff alleges that Defendant and its representatives made several threats including: (1) that Plaintiff would be arrested and taken to jail; (2) that Plaintiff would have her driver's license revoked; and (3) that Plaintiff's wages would be garnished or her property would be sold to satisfy the debt. (Doc. No. 1 ¶¶ 18-22.) Defendant and its representatives also apparently used abusive language in their dealings with Plaintiff. (Id. ¶ 23.) Accordingly, the Court finds that because Defendant's actions were intentional, persistent, and of a severe nature, an award of statutory damages in the amount of $1,000 is warranted.

### III.    ATTORNEY'S FEES

The Fair Debt Collection Practices Act provides that in the case of any successful action under the Act, Plaintiffs are entitled to an award of costs and reasonable attorney's fees. 15 U.S.C. § 1692k(a)(3); Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991) (holding that the Fair Debt Collection Practices Act "mandates an award of attorney's fees"). "A court may not reduce an award sua sponte; rather, it can only do so in response to specific objections made by the opposing party." Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 711 (3d Cir. 2005) (citing Bell v. United Princeton Properties, Inc., 884 F.2d 713, 719 (3d Cir. 1989)); see also McDonald v. McCarthy, 966 F.2d 112, 118-19 (3d Cir. 1992) (holding that "where a party fails to challenge the accuracy of representations set forth in a fee petition, the 'current submissions provide the necessary record basis for the district court's fee determination'") (quoting Brinker v. Guiffrida, 798 F.2d 661, 668 (3d Cir. 1986)). Because the affidavits and invoices submitted by Plaintiffs in support of their claimed fees have gone uncontested by Defendants, the Court is not at liberty to make adjustments in the requested fee amounts. Accordingly, the Court will award Plaintiffs attorney's fees and costs in the requested amount of $4.457.50.

## IV.    CONCLUSION

**ACCORDINGLY**, on this 1st day of December 2011, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for default judgment (Doc. No. 16) is **GRANTED** and default judgment is entered in favor of Plaintiff and against Defendant in the amount of $5,457.50.

                                                S/ Yvette Kane
                                                Yvette Kane, Chief Judge
                                                United States District Court
                                                Middle District of Pennsylvania